```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND


DUC DINH                        *
                                *
v.                              *    Civil Action No. WMN-12-2275
                                *
CALVIN MCCORMICK                *
                                *
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Petitioner Duc Dinh is a Vietnamese citizen who, at the time this petition was filed, was held in the Baker County Facility in Key West, Florida awaiting deportation. In his petition, Mr. Dinh represents that he has been in immigration civil custody for more than three years and for more than six months after the issuance of his removal order. He also asserts that he is in seriously declining health. Mr. Dinh named Calvin McCormick, the Field Officer of the Baltimore Enforcement and Removal Operations (ERO), as the respondent to his petition and alleges that his detention for more than six months after the issuance of the removal order is unconstitutional under the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001).

Respondent moves for dismissal or for summary judgment on two grounds – one more procedural and one more substantive. Respondent argues first that Petitioner should have named the person with immediate custody over him as the respondent, in

this case, the warden of the Baker County Facility.  Respondent also argues that this case falls outside of the holding of Zadvydas because Petitioner himself is the cause of his continued detention.  According to Respondent, Mr. Dinh has, until just recently, refused to complete the forms necessary for ERO to obtain the travel documents necessary to deport him.  Respondent filed his motion on November 1, 2012, ECF No. 5, and Mr. Dinh filed no response to that motion.

   The Court concludes that the motion should be granted.  As to the first ground, Respondent correctly notes that the Supreme Court has held that the proper respondent to a pure detention petition for writ of habeas corpus is the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (emphasis in original).  "The default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  Id.

   As to the second ground, an alien must generally be removed within 90 days following entry of an administratively or judicially final order of removal.  8 U.S.C. § 1231(a).  Here, the 90-day removal period commenced on January 20, 2012, when

the Board of Immigration Appeals dismissed Petitioner's appeal. In Zadvydas, the Supreme Court recognized that, while Congress did not intend, when enacting § 1231(a), that every removal could be reasonably accomplished in 90 days, it must have intended some presumptively reasonable period of detention. 533 U.S. at 701. For the sake of uniform administration, the Court established 6 months as that presumptively reasonable period. Id. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

The Zadvydas holding, however, applies to the situation where an alien, through no fault of his own, faces the possibility of indefinite detention. In contrast, § 1231 provides that the removal period shall be extended and the alien may remain in detention during such extended period "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C); see also Pelich v. INS, 329 F.3d 1057, 1060 (9th Cir. 2003) (holding that "risk of indefinite detention that motivated the Supreme Court's statutory interpretation in Zadvydas does not exist when an

3

alien is the cause of his own detention).  Here, Respondent represents that Mr. Dinh was presented with, but repeatedly refused to complete, the form necessary to begin the process of obtaining travel documents for Vietnam.  Mr. Dinh did not complete the form until October 11, 2012.  <u>See</u> ECF No. 5-5, Declaration of Calvin Orem (relating efforts to obtain completed form from Mr. Dinh).  Mr. Dinh offers nothing to refute these representations.  Thus, the six-month presumptively reasonable removal period was tolled until Mr. Dinh completed that necessary form.

    For these reasons, the Court concluded that Mr. Dinh is not entitled to the relief requested and that this petition must be dismissed.  A separate order will issue.

                                        _____/s/_____
                                        William M. Nickerson
                                        Senior United States District Judge

DATED: January 10, 2013